UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ALLAN J. PRESSLER,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 1:20-cv-00013-HAB-SLC |
| ) | |
| **TENNECO AUTOMOTIVE OPERATING** ) | |
| **COMPANY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is a joint motion for entry of a stipulated protective order (ECF 24), seeking approval of a proposed stipulated protective order (ECF 24-1) pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed order is deficient in several ways, the motion will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order contemplates sealed filings (ECF 24-1 ¶ 7), it requires a higher level of scrutiny.

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information.  Instead it defines "Confidential Discovery Material" as:

> (a) personnel records, including information derived from personnel records, relating to current or former employees of Tenneco Automotive Operating Company Inc. ("Tenneco"), other than Plaintiffs; (b) personal identity or similarly sensitive information; (c) medical information concerning any individual; (d) wage information and income tax returns (including attached schedules and forms), W-2 forms and 1099 forms . . . .

(ECF 24-1 ¶ 2).  In support of their request, the parties assert that "[t]his information is not available in the public domain, and use or disclosure of this information outside the scope of this litigation, and/or by the parties themselves, could cause irreparable harm to the parties and the employees whose personnel information is requested."  (ECF 24 ¶ 2).

As to personnel records, though, "not all information in an employee's personnel file is considered private."  *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006).  For example, "there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location."  *Id.*; *see also Smith v. City of Chi.,* No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. Oct. 31, 2005).

Similarly, while the proposed protective order excludes Plaintiffs from its protection of personnel records, it covers "medical information concerning any individual . . ."  (ECF 24-1 ¶ 2).  Presumably, this includes Plaintiff Allan J. Pressler, who is suing Defendant for violation of the Family Medical Leave Act.  (ECF 5).  But while "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation, they must be revealed."  *Baxter Int'l, Inc.*, 297 F.3d at 547; *see, e.g.*, *Brown v. Auto. Components Holdings, LLC*, No. 1:06-cv-1802-RLY-TAB, 2008 WL 2477588, at *1 (S.D. Ind. June 17, 2008) (denying leave to

file the plaintiff's personnel and medical information under seal where the information was central to the case). Therefore, any medical information of Plaintiffs that is central to this case may not be filed or maintained under seal.

Furthermore, Paragraph 10 of the proposed order contemplates the return and destruction of confidential information, without providing an exception for the Court. The Court, though, will not agree to return or destroy any documents that have been made part of the record, whether under seal or otherwise.

Finally, as a point of clarification, while the parties agree that the proposed order should remain in force after the termination of this suit, as set forth in Paragraphs 10 and 14, the Court is unwilling to enter a protective order that suggests it will retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

For these reasons, the Court DENIES without prejudice the joint motion for entry of a stipulated protective order (ECF 24). The parties may submit a motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 24th day of February 2021.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge